(No. 35764.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHESTER CLARK, Plaintiff in Error.

*Opinion filed May 25, 1962.—Rehearing denied September 27, 1962.*

JOHN B. HUCK, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

At a bench trial in the criminal court of Cook County, Chester Clark was convicted of the unlawful sale of narcotics and sentenced to confinement in the penitentiary for a term of 15 years to life. Defendant asserts that his conviction should be set aside because the trial court ordered

the case to be heard when his counsel was not prepared for trial.

Defendant first employed Eugene Pinchman to represent him. After several months, he discharged Pinchman and employed Harold Rosenfield. Motions for a change of venue and several continuances were granted to defendant and finally a day certain was set for the trial. On Tuesday, March 7, 1956, as the trial was about to begin, defendant discharged Rosenfield. The prosecution opposed the withdrawal of defendant's attorney and argued that the case should proceed because of the delays already occasioned by defendant. The court asked defendant if he had anyone to replace Rosenfield and defendant answered no. The court then suggested that defendant consult the public defender. After defendant had talked with a representative of the public defender's office, he told the court he wanted to be represented by the public defender and the court permitted Rosenfield to withdraw. The court then continued the cause and stated that "on Monday we will go ahead, if everything is all right."

On Monday, the judge inquired, "What is the lawyer situation this morning?" John Flaherty of the public defender's office then told the court that defendant had refused to talk with him about the case. Defendant stated, however, "I am ready for trial now, your honor." The judge advised defendant of the importance of giving his attorney all the facts of the case and defendant replied, "I talked to him. I have explained the case to him. And I told him that the court desires for him to represent me, it is all right." Although Flaherty again stated that he knew nothing about the case, the trial judge made it clear that he had attempted to provide counsel for defendant and that he would give him time to discuss the case with Flaherty but that defendant said he had discussed the case with his attorney and was ready for trial. The court also made it clear that if defendant wanted anything during the trial he would do the best

he could to arrange the matter. He then told defendant that "if you want Mr. Flaherty to do other things you let him know, and do it in time so that he may assist you in every way possible. In the meantime, we will proceed with the trial."

Defendant's attorney actively participated in the trial and, from his cross-examination of informant White, he was apparently familiar with the defense the defendant intended to advance. He cross-examined all the People's witnesses and on direct examination of defendant clearly brought out defendant's version of the occurrence in question. The record reveals that Flaherty did a commendable job of representing defendant.

We are of the opinion that the trial court did not deprive defendant of any constitutional right in ordering the case to trial. (Cf. *People* v. *Kenzik*, 22 Ill.2d 567.) Furthermore, there was a competent presentation of defendant's case.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*